IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-02512-MSK-BNB

COLORADO CHRISTIAN UNIVERSITY,

        Plaintiff,

v.

JUDY P. WEAVER, in her official capacity as Chair of the Colorado Commission on Higher Education;
TERRANCE L. FARINA, in his official capacity as Chair of the Colorado Commission on Higher Education;
RAYMOND T. BAKER, in his official capacity as Vice Chair of the Colorado Commission on Higher Education;
JUDITH ALTENBURG,
RICHARD GARCIA,
DEAN L. QUAMME,
GREG C. STEVINSON,
JAMES M. STEWART,
JOEL FARKAS, all in their official capacities as commissioners of the Colorado Commission on Higher Education;
RICK RAMIREZ,
EDWARD ROBINSON, all in their official capacity as a member of the Colorado Commission on Higher Education;
JENNA LANGER, in her official capacity as Executive Director of the Colorado Commission on Higher Education of the Colorado Department of Higher Education.

        Defendants.
_____

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for

Summary Judgment **(# 35)**, the Plaintiff's response **(# 45)**, and the Defendants' reply **(# 50)**; and

the Plaintiff's Motion for Summary Judgment **(# 37)**, the Defendants' response **(# 46)**, and the

1

Plaintiff's reply **(# 49)**. The Court grants the motion by the United States of America **(# 47)** to file an *amicus* brief, and the Court has considered the tendered brief submitted in conjunction with that motion. The parties further jointly moved **(# 34)** for leave to file overlength briefs. In addition, the Defendants moved for leave to supplement **(# 59)** their motion and response to the Plaintiff's motion with additional case authority.

Having reviewed all of the pleadings and attachments identified above, the Court notes that neither side's motion for summary judgment complied with the formatting requirements for such motions set forth in the Court's Practice Standards. *See* MSK Practice Standards (Civil) V.H.3. Both parties filed boilerplate "motions" **(# 35, 37)** that merely incorporated by reference the arguments set forth in the parties' briefs. The Defendants' brief **(# 38)** made no effort whatsoever to comply with the formatting requirements, and failed to adequately identify the claim(s) upon which summary judgment was sought as well as the elements of such claims. The Plaintiff's brief **(# 40)** identified three possible claims at issue,[1] and attempted, with varying degrees of success, to identify the elements of such claims as well as the party with the burden of proof. However, the Plaintiff's analysis of each claim and element is not separately set out, nor are the facts pertinent to each element sparately identified.[2]

---

[1] The Court reads the Plaintiff's Complaint **(# 1)** to assert both facial and as-applied violations of the Free Exercise, Establishment, and Equal Protection clauses of the U.S. Constitution. Neither sides' brief differentiates between the facial and as-applied challenges on any claim.

[2] The Plaintiff's brief contains 54 numbered factual averments, constituting more than 20 pages of text. The Plaintiff apparently contends that all the facts asserted are relevant to every claim. *Docket* # 40 at 23, 27, 29.

The parties' legal arguments rarely connect, and where they intersect – for example, as to whether the "facts" support the Defendants' conclusion that the Plaintiff meets Colorado's "pervasively sectarian" test – it is not clear as to what claim the argument is directed.

Both sides (and the *amicus curiae*) are represented by skilled, experienced counsel. It is also clear that there are substantial issues of legal significance that warrant attention. However, from the present submissions, despite comprehensive review, the Court cannot discern the precise claims the Plaintiff asserts, whether there are facts in dispute with regard to those claims, and, if not, on what basis each party contends that it is entitled to judgment as a matter of law. It would be a disservice to the parties for the Court to attempt to resolve the matter on the current briefing. Clarification is necessary to determine whether a trial is necessary, and if not, to precisely frame and address the legal issues that the parties believe are dispositive. Accordingly, the parties' Motions for Summary Judgment are denied, without prejudice.

Given that the trial date in this matter is set for May 2007, the parties shall have 45 days within which in which to refile appropriate motions.

1) The parties shall confer forthwith to determine the claims/defenses asserted, whether there are any material facts in dispute, whether one or the other seeks summary judgment based upon the failure to make a *prima facie* showing of evidence necessary to satisfy a burden of proof[3], and to focus the legal issues.

---

[3]When both sides to a dispute move for summary judgment, one of two situations is present: either the material facts are undisputed and the parties simply need the Court to apply the law to those facts, or the material facts are in some degree of dispute and the parties are relying on the inability of the other side to carry its burden of proof on some element of each claim. It is not clear which situation is present here.

3

2) If the material facts are undisputed[4], the parties shall file a joint statement of undisputed facts together with <u>simultaneously</u> filed opening briefs, each complying with the format set forth in the Court's Practice Standards[5]. Such briefing will be followed by the <u>simultaneously</u> filing of responsive briefs. Because each party will have the opportunity to respond to the other side's arguments, no reply briefs will be necessary.

3) If a party seeks summary judgment based upon a failure of the other to make a *prima facie* showing sufficient to satisfy such party's burden of proof, the parties shall file motions and briefs that comply with the format requirements of the Court's Practice Standards.

4) The Court grants leave to the United States to file an *amicus* brief, but strongly suggests that such a brief address only those issues which the *amicus curiae* has an interest distinct from those of the parties to the litigation.[6] Because the United States has already had the advantage of reviewing the parties' original briefs and discerning what arguments are likely to be

---

[4] Often one party desires to include facts that the other party believes are irrelevant. The Court reminds the parties that there is a difference between a dispute as to the existence of a fact and a dispute as to the relevance or significance of a fact the existence of which is undisputed. The former requires identification of countervailing evidence, while the latter merely requires the party disputing the relevance of the fact to argue as to the relevance or significance of the fact in its brief.

[5] To avoid the necessity of additional motion practice, the Court waives the page limitations for purposes of any refiled summary judgment motions or briefs. However, should a brief contains excessive amounts of irrelevant or redundant material, it may elect to disregard the remainder of such brief.

[6] Here, the Court notes that the tendered *amicus* brief dedicates little space to specifically addressing the United States' claimed "significant interest in ensuring that *Locke* [*v. Davey*, 540 U.S. 712 (2004)] is properly interpreted so as not to impede [ ] nascent educational reforms." Rather, it devotes most of its bulk to iteration of the arguments presented by the Plaintiff. Iteration is not necessary, nor helpful. Any portion of an *amicus* brief that is redundant of the parties' substantive briefing will be disregarded.

presented upon refiling, there is no reason why it cannot file its *amicus* brief at the same time as the parties' simultaneous opening briefs, thereby allowing the parties' responsive briefs to address any additional issues raised by the *amicus curiae*.

The Court declines to set a formal briefing schedule, believing that the good faith conference among all counsel can produce a schedule far superior to anything the Court could unilaterally dictate. The Court simply sets a deadline of 45 days from the date of this Order for completion of briefing on any re-filed motions. The parties may allocate this time amongst themselves as they see fit, however, no extension of the 45 day period will be granted.

For the foregoing reasons, the Defendants' Motion for Summary Judgment **(# 35)** and the Plaintiff's Motion for Summary Judgment **(# 37)** are **DENIED,** without prejudice to refiling as set forth herein. The United States of America's Motion for Leave to File an *Amicus* Brief **(# 47)** is **GRANTED**. The parties' Joint Motion for Leave to Exceed Page Limits **(# 34)** is **DENIED AS MOOT**, and the Defendants' Motion for Leave to Supplement **(# 59)** is **DENIED AS MOOT**.

Dated this 7th day of August, 2006

BY THE COURT:

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge